JH

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| STEPHEN R. MATTATALL<br>Plaintiff<br>v.<br>STATE OF RHODE ISLAND &<br>RHODE ISLAND PAROLE BOARD.<br>Respondant | | CA 07 234 ML<br><br>INDICTMENT No. K1/83-0012A<br><br>COMPLAINT |

## PRELIMINARY STATEMENT

This is a civil rights action filed by Stephen R. Mattatall, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging that the Rhode Island Parole Board's members denied him equal protection under the Fourteenth (14th) Amendment to the United States Constitution when they acted in a capricious and arbitrary manner, abused its discretion and treated him unfairly compared to other inmates similarly situated. Plaintiff was also denied due process of law under the Fifth & Fourteenth Amendments to the United States Constitution when the members of the parole board departed from the Boards' Guidelines and R.I. General Law(s) 13-8-14; and 13-8-14.1.,because the board members applied invalid criteria and considered invalid information for the enhancement of the additional three and a half (3½) year eligibility/ return date after a former five (5) year eligibility date, for the very same reason. The board members neglected to give credit for rehabilitation, good behavior, excellant work habits and abstaining from drugs and alcohol.

Also plaintiff was deemed an habitual offender under R.I. Gen.

Laws 12-19-21, although the state and the trial judge utilized a 1979 plea (under Alford v. No. Carolina, 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct 160 (1970)), which the state and the trial judge had knowledge that plaintiff was 'actually innocent' of that charge.

## *JURISDICTION*

1.) The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. §§ 1331 and 1343.

2.) The court has supplemental jurisdiction over the plaintiff's state law tort claims under 28 U.S.C. § 1367; and R.I. Const. (Amendment 4).

## PARTIES

3.) LISA S. HOLLEY, ESQ, & Chairwoman of the R.I. Parole Board.

4.) BENNETT R. GALLO, ESQ, member of the R.I. Parole Board.

5.) FREDERIC G. REAMER, PH.D., member of the R.I. Parole Board.

6.) All the defendants have acted,and continue to act, under color of state law at all times relevant to this complaint.

## FACTS

Plaintiff, Stephen R. Mattatall is currently serving a seventy (70) year sentence, (fifty years for second degree murder and twenty (20) additional years, for being deemed an habitual offender, under Rhode Island General Law(s)(12-19-21). Plaintiff was found guilty of

of the former offence by jury at The Kent County Courthouse, on September 7, 1988. The date of incarceration and arrest was September 24, 1982.

Plaintiff went before the Rhode Island Parole Board for the first time in January 2001. The Board denied the application. An application for reconcideration was denied two weeks later. The initial Board told plaintiff they would consider plaintiff's application in another five (5) years. The reason for the denial was, "to parole Mr. Mattatall would depreciate the seriousness of his criminal offence. Additionally, the board feels that Mr. Mattatall was less than forthright in his description of the events the night of this murder. He had significant disciplinary infractions over the coarse of his incarceration. We hope that when we see him he has addressed his negative behavior and potentially is booking free. We will see him in five (5) years." "Unanimous.-Present: Holley, LaFazia, Reamer, Gallo." See APPENDIX I.

Five (5) years later, Mr. Mattatall went back for parole consideration with only one minor infraction, which the board didn't even bother to address. Plaintiff also submitted numerous certificates which he earned via participating in various recovery, relapse prevention, cognitive restructuring and anger management classes. Plaintiff also graduated a six (6) month 'drug treatment program,' sponcered by The Marathon House, entitled 'inside the walls'. Other programs and classes include, 'health & disease classes; being CERTIFIED AS A ServSave Food Protection Manager via a course offered by

The Community College of Rhode Island. Plaintiff addressed every negative aspect of his life which needed improvement.

However, the Parole Board, after being advised of Mr. Mattatalls accomplishments, i.ie., a job letter from his former boss at Storm-tite Company; various letters from family members and two (2) places in which he could live, (one being with sister Lori Aptt and also plaintiff was accepted at the Jeramiah House, in Warwich), but the parole board didn't take these positive things into consideration.

Instead of a release date such as others similarly situated have been given by the Parole Board, again Mr. Mattatall was given a rubber stamp, "The Board voted to deny. We will see him again in fourty-two months." What is the most confusing is what the parole board said in the minutes of the recent decision. "The Board was impressed with his program participation and insight." The 'insight' being the fact that I was asked again to tell my version of the events on the night of the shooting and I told the board that, "Im going to tell you the same thing I told you five (5) years ago. That is that I shot John by accident." One board member asked me if there was any hostility on my part towards him. I said there was absolutely none. At which time the board member told me that he believed my story but he/ they had to treat this as a homicide, due to the jury verdict. So, how in 2002 can the board say I'm not being forthright and give me a five (5) year return date, then turn around and say they believe me and give me another three and a half (3½) year return date? See APPENDIX II.

**FACTS**

**& CONSTITUTIONAL VIOLATIONS**

**EQUAL PROTECTION CLAUSE**

A.) The plaintiff alleges that the Parole Board denied him equal protection and acted in a capricious and arbitrary manner, abused its discretion and treated him unfairly compared to other inmates similarly situated with second degree murder convictions and/ or persons found guilty and deemed to be an habitual offender. Inmates with life sentences and first degree murder convictions with many, many more felony convictions have already been granted parole. Those are inmates which have been incarcerated longer or have the same amount of time served as the plaintiff in this case.

After initially stating that the Parole Board members felt that Mr. Mattatall was less than forthright in his discription of the events the night of the murder, one Board member, (after hearing the same story he heard five (5) years earlier), told Mr. Mattatall that he believed him. So, Plaintiff is challenging the fact that the member or members of the board somehow confused his application or refused to treat him equally to other to other inmates who have done thier time and used it wisely to rehabilitate themselves as did the plaintiff did to change his life around.

**DUE PROCESS CLAUSE**

B.) The plaintiff alleges that the Parole Board acted in an arbitrary and capricious manner, and abused its discretion, that the Parole Board departed from the Board's guidelines and due process was violated because the Parole Board applied invalid criteria and

considered invalid information for the additional three and a half (3½) year eligibility date after a subsequent five (5) year eligibility date, for the very same reason but neglected to give credit for rehabilitation, good behavior, excellant work habits, abstaining from drugs and alcohol use and participating in lots of other programs offered at the Adult Correctional Institution.

## ACTUAL INNOCENCE

Plaintiff was deemed an habitual offender under Rhode Island General Law 12-19-21, although the second predicate utilized was a 'driving to endanger, death resulting' charge which was overturned bt the trial judge (Albert DiRobbio), on a Motion for a New Trial. That charge was a car accident (35 years ago), which resulted in plaintiff being served an additional twenty (20) year sentence to be served consecutively. Plaintiff was on parole and had been held on a parole violation for eight months prior to the trial. That plea should not have been offered to plaintiff because Judge DiRobbio knew that the plaintiff's cousin (James Mattatall) was the operator of the vehicle which resulted in the car accident. Enclosed is a copy of the nine (9) pages of transcript from that November 5,1979, afternoon session in Judge DiRobbio's court, which is marked APPENDIX III. This transcript is the opinion of the trial judges in this travesty of justice.

Plaintiff pled guilty in that case under ALFORD v. CAROLINA, (1970) 400 U.S. 25, 27 L.Ed.2d 162, 91 S.Ct 160. Plaintiff was told that he would not be admitting guilt but only that the state had some evidence which could be enough to make him go through a second trial.

Plaintiff claims that he should not have been told that he would be let out of a parole violation by pleading to this case for the following reason. Before accepting the guilty plea in the ALFORD case, supra, the trial court heard further testimony which strongly indicated the defendant's guilt. Further stated on 400 U.S. 32, "If ALFORD's statements were to be credited as sincere assertions of his innocence, there obviously existed a factual and legal dispute between him and the State. Without more, it might be argued that the conviction entered on his guilty plea was invalid, since his assertion of innocence negatived any admission of guilt, which as we observed last term in BRADY, is normally '[c]entral to the plea and the foundation for entering judgement against the defendant...' 397 U.S. at 748, 25 L.Ed. 2d at 756.

Also see note [11] 10., in ALFORD, supra, "Because of the importance of protecting the innocent and of insuring that guilty pleas are aproduce of free and intelligent choice, various state and federal court decisions properly caution that pleas coupled with claims on innocence should not be accepted unless there is a factual basis for the plea. See, e.g., GRIFFIN v. UNITED STATES, 132 U.S. App DC 108, 110, 405 F.2d 1378, 1380 (1968); BRUSE v. UNITED STATES, supra, at 342, 379 F.2d at 119 (1967); and until the judge taking the plea has inquired into and sought to resolve the conflict between the waiver of trial and the claim of innocence. See, e.g., PEOPLE v. SERRANO, 15 N.Y.2d 304, 308, 309, 206 N.E.2d 330, 332 (1965); STATE v. BRANNER, 149 N.C. 559, 563, 63 S.E. 169, 171 (1908). See

also KREUTER v. UNITED STATES, 201, F.2d 33, 36 (CA 10 1952).

**WHEREFORE,**

**CLAIMS FOR RELIEF**

The actions of defendants HOLLEY, GALLO and REAMER, in acting in a capricious and arbitrary manner violated the EQUAL PROTECTION CLAUSE under the Fifth Amendment to the United States Constitution.

The actions of defendants HOLLEY, GALLO and REAMER, violated the DUE PROCESS rights of plaintiff when they departed from the Parole Board's guidelines and Rhode Island General Law(s) 13-8-14; and 13-8-14.1., and failed to apply valid criteria and failed to consider valid information in their decision to decide plaintiff's parole application.

The actions of defendants HOLLEY, GALLO and REAMER, violated a state created liberty interest and expectation of a favorable decision when they departed from the Parole Board's Guidelines and Rhode Island General Law(s) 13-8-14; and 13-8-14.1.

The actions of defendants HOLLEY, GALLO and REAMER, caused a Tort against plaintiff when they treated plaintiff differently than those inmates similarly situated by not applying valid criteria with valid information when deciding his fate and parole release.

In applying invalid information the Parole Board took into

consideration that plaintiff was deemed an habitual offender when, in fact they had in their possession the transcripts that showed that plaintiff was 'actually innocent' of the 1979 charge of driving to endanger, death resulting. This is a case where the board took into consideration (a case which the applicant was and is 'actually innocent' of the charge of 'driving to endanger, death resulting,') and applied it arbitrarily and capriciously. See it in C.A.3 (Pa.) 1999. For purposes of actual innocence exception to procedural default of claim on Motion To Vacate, 'actual innocence' means that the person did not commit the crime. 28 U.S.C.A. § 2255. - U.S. v. GARTH, 188 F.3d 99. CRIM. LAW. $)!.

**WHEREFORE,** plaintiff requests that the Court grant the following:

1.) GRANT A DECREE THAT PLAINTIFF BE SEEN BY THE PAROLE BOARD IMMEDIATELY AND GIVEN A MORE FAVORABLE DECISION, i.e., BE GRANTED PAROLE FORTHWITH, IN ACCORDANCE WITH RHODE ISLAND GENERAL LAW(S) § 13-8-14; & § 13-8-14.1.

2.) ORDER THE RHODE ISLAND PAROLE BOARD TO GRANT A NEW PAROLE ELIGIBILITY HEARING BECAUSE THE BOARD DID NOT GIVE SPECIFIC ENOUGH REASONS TO APPRAISE PLAINTIFF OF THE FACTORS CONSIDERED IN DENYING HIM PAROLE.

3.) CONTRARY TO RELIEF REQUESTED, DIRECT THE PAROLE BOARD TO TELL PLAINTIFF WHAT EXACTLY IS EXPECTED OF HIM TO BE SERIOUSLY CONSIDERED FOR A FAVORABLE DECISION WHEN HE NEXT SEES THE PAROLE BOARD.

4.) PLAINTIFF BE CLASSIFIED TO 'WORK RELEASE' AWAITING A MORE FAVORABLE DECISION BY THE PAROLE BOARD.

June 15, 2007

DATE

Stephen R. Mattatall

STEPHEN R. MATTATALL PRO SE

IDENTIFICATION NUMBER 56259

MEDIUM ONE SECURITY (AR- 15T)

POST OFFICE BOX 8274

CRANSTON, RHODE ISLAND

02920

**CERTIFICATION**

I, the undersigned, hereby swear and certify that I have mailed a true and correct copy of the enclosed documents to the Office of The Attorney General, 150 South Main Street, Providence, Rhode Island, 02903, via First Class Mail and a copy to the Legal Department of the Adult Correctional Institutions, 40 Howard Avenue, Cranston, Rhode Island, 02920, via Interdepartmental Mail, on the 15TH day of June, in the year 2007.

June 15, 2007
DATE

Stephen R. Mattatall
STEPHEN R. MATTATALL, PRO SE