**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEVEN R. MATTATALL** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-234ML** |
| | : | |
| **STATE OF RHODE ISLAND &** | : | |
| **RHODE ISLAND PAROLE BOARD** | : | |

## MOTION TO DISMISS

Now come Defendants, Rhode Island Parole board and its named members pursuant to Rule 12(b)(2), Rule 12(b)(5) and 12(b)(6) of the Federal Rules of Civil Procedure, and hereby move this Court to dismiss the Complaint against them on the grounds of lack of personal jurisdiction, insufficient service of process and that the Complaint fails to state a claim against the Defendant upon which relief can be granted. In support hereof, Defendants submit the accompanying Memorandum of Law.

**Wherefore**, Defendants respectfully request that their Motion to Dismiss be granted.

DEFENDANTS,

Rhode Island Parole Board
Lisa Holley
Bennett Gallo
Fred Reamer, Ph.D.

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Stephen R. Mattatall, Pro Se, Identification Number 56259, Medium One Security (AR-15T), Post Office Box 8274, Cranston, Rhode Island 02920 on this 25th day of July, 2007 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEVEN R. MATTATALL** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-234ML** |
| | : | |
| **STATE OF RHODE ISLAND &** | : | |
| **RHODE ISLAND PAROLD BOARD** | : | |

**MEMORANDUM IN SUPPORT OF 12(b)(6)**
**MOTION FOR DEFENDANT LISA S. HOLLEY**

## I. Background

Plaintiff, Stephen R. Mattatall served the Defendant, Lisa S. Holley with a Summons on July 2, 2007. A copy of the Complaint was not attached to the Summons when served on the Defendant. A copy of the complaint, which was later obtained from the Court by our office, alleges the following:

"The Plaintiff, Stephen R. Mattatall, a state prisoner, filed a civil rights action for damages and injunctive relief under 42 U.S.C. § 1983, alleging that the Rhode Island Parole Board's members denied him equal protection under the Fourteenth (14th) Amendment to the United States Constitution when they acted in a capricious and arbitrary manner, abused its discretion and treated him unfairly compared to other inmates similarly situated." (Page One of Plaintiff's Complaint).

"Plaintiff was also denied due process of law under the Fifth and Fourteenth Amendments to the United States Constitution when the members of the Parole Board departed from the Boards' Guidelines and R.I. General Law(s) 13-8-14; and 13-8-14.1., because the Board members applied invalid criteria and considered invalid information for the enhancement of the additional three and a half (3½) year eligibility/return date after a former five (5) year eligibility date, for the very same reason." (Page One of Plaintiff's Complaint).

"The Board members neglected to give credit for rehabilitation, good behavior, excellent work habits and abstaining from drugs and alcohol." (Page One of Plaintiff's Complaint)

## II. Standard of Review

> Upon considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the district court should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts. ***Hospital Bldg. Co. v. Trustees of Rex Hosp.***, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); ***Gonzalez-Bernal v. United States,*** 907 F.2d 246, 248 (1st Cir. 1990). We review under the same standard, ***Holt Civic Club v. City of Tuscaloosa,*** 439 U.S. 60, 66, 99 S.Ct. 383, 387-88, 58 L.Ed2d 292 (1978).

Roma Construction Company v. aRusso, 96 F.3d 566 (1st Cir. 1996).

## III. Argument

### A. Service of Process Is Insufficient

FRCP 4(c)(1) provides that "A Summons shall be served together with a copy of the Complaint. The Plaintiff is responsible for service of a Summons and Complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the Summons and complaint."

In this action, a person who identified herself as Plaintiff's sister, served a copy of a Summons on Lisa Holley, Chairperson of the Rhode Island Parole Board, on July 9, 2007. No Complaint was served with the Summons as required by FRCP 4(c)(1). Counsel for the Parole Board obtained a copy of the Complaint from the Court records. Plaintiff's sister was advised at the time the Summons was served that service was inadequate and incomplete. No Complaint has ever been served on the Defendants to this date. Crane v. Battelle, 127 F.R.D. 174, 176 (S.D. Cal. 1989)

B. This Court Lacks Personal Jurisdiction Over the Defendants

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of actions where there is a lack of personal jurisdiction. A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Fed.R.Civ.P. 4 Brooks v. Richardson, 478 F.Supp. 793 (S.D.N.Y. 1979). Here, the plaintiff did not serve the defendants with a copy of the complaint, the live pleading in this case. Thus, the plaintiff failed to adequately serve the defendants in accordance with Fed.R.Civ.P. 4. Accordingly, this court lacks personal jurisdiction over the defendants, and defendants' motion pursuant to Fed.R.Civ.P. 12(b)(2) should be granted.

C. The complaint Fails to State a Claim Upon Which Relief Can Be Granted

The Defendants' 12(b)(6) Motion to Dismiss For Failure to State a Claim should be granted because the Defendants, as Parole Board members, are entitled to quasi-judicial immunity from claims that arise from the performance of their duties. The Test Court's use in determining whether an official is entitled to quasi-judicial immunity consists of three elements: 1) whether "a Board member, like a judge, perform[s] a traditional "adjudicatory" function in that he decides facts, applies law, and otherwise resolves disputes on the merits (free from direct political influence)" 2) whether "a Board member, like a judge decide[s] cases sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damages actions" and 3) whether "a Board member, like a judge, adjudicate[s] disputes against a backdrop of multiple safeguards designed to protect a constitutional right? Bettencourt v. Board of Registration In Medicine of Comm. of Mass., 904 F.2d 772 (Mass. 1990); Butz v. Economou, 438 U.S. 478 (1977).

In using three step analysis, courts have held that quasi-judicial immunity exists when "agency officials who, irrespective of their title perform functions essentially similar to those of judges or prosecutors, in a setting similar to that of a court." Bettencourt v. Board of Registration In Medicine of Comm. of Mass., 904 F.2d 772 (Mass. 1990); Butz v. Economou, 438 U.S. 478 (1977). In Bettencourt, the Court barred a physician whose license was revoked from a state medical board claim holding that the medical board members were entitled to quasi-judicial immunity. The Court reasoned that the Board's functions are comparable to that of a judge by "weighing evidence, mak[ing] factual and legal determinations, chooses sanctions, writes opinions explaining his decisions…" Bettencourt v. Board of Registration In Medicine of Comm. of Mass., 904 F.2d 772 (Mass. 1990).

Similarly, in Johnson v. Rhode Island Parole Board, the Court held that Parole Board members were entitled to absolute immunity from damage claims that arose from the performance of the Board's duties. The Court adopted an opinion from the Ninth Circuit in Cleavinger v. Saxner reasoning that "Parole Board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole…[t]heir duty is often the same: to render impartial decisions in cases and controversies that excite strong feeling because the litigant's liberty is at stake." Johnson v. Rhode Island Parole Board Members, 815 F.2d 5 (R.I. 1987); quoting Cleavinger v. Saxner, 106 S.Ct. 496.

This case, like that of Bettencourt and Johnson, involves board members who were being sued for administrative decisions made during the performance of their duties and as such were entitled to quasi-judicial immunity. The Rhode Island Parole Board clearly performs duties comparable to an adjudicative capacity by weighing evidence in a Plaintiff's record and making a determination based on that record, resolves possible disputes on merits, and adjudicates decisions by weighing the petitioner's rights against the safety of the community in deciding

whether to grant to deny parole. Given the fact that the Plaintiff is currently serving a seventy (70) year sentence, (fifty years for second degree murder and twenty (20) additional years for being deemed an habitual offender), it is clear that there is and should be a real concern if the Board were to grant the Plaintiff's parole request. The Parole Board members carefully reviewed the Plaintiff's record in denying his parole request and given the circumstances, the Board was not arbitrary to capricious in denying the plaintiff's parole request. For all these reasons the Parole Board members should be entitled to quasi-judicial immunity from claims that arise from the performance of her duties and the Defendants' 12(b)(6) Motion to Dismiss For Failure to State a Claim should be granted.

**Conclusion**

Based upon the foregoing, Plaintiff's Complaint should be dismissed with prejudice.

DEFENDANTS,

Rhode Island Parole Board
Lisa Holley
Bennett Gallo
Fred Reamer, Ph.D.

By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Stephen R. Mattatall, Pro Se, Identification Number 56259, Medium One Security (AR-15T), Post Office Box 8274, Cranston, Rhode Island 02920 on this 25th day of July, 2007 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*