**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

**STEPHEN R. MATTATALL**

**v.** **C.A. NO. 07-234 ML**

**STATE OF RHODE ISLAND &**
**RHODE ISLAND PAROLE BOARD**, et al.

**Report and Recommendation**

Jacob Hagopian, Senior United States Magistrate Judge

Plaintiff Stephen R. Mattatall, *pro se*, filed a complaint pursuant to 42 U.S.C. § 1983 alleging a deprivation of his federal constitutional rights. Plaintiff named as defendants the State of Rhode Island, the Rhode Island Parole Board, Lisa A. Holley, Esq., Bennett R. Gallo, Esq., and Frederic G. Reamer, Ph.D.

Currently before the Court is the motion of the defendants to dismiss pursuant to Fed. R. Civ. P. 12(b)(2),(5), and (6). Plaintiff did not file an objection thereto. This matter has been referred to me pursuant to 28 U.S.C. § 636(b)(1)(B) for a report and recommendation. For the reasons that follow, I recommend that the defendants' motion to dismiss be granted pursuant to Fed. R. Civ. P. 12(b)(2) & (5), and that this action dismissed without prejudice. Since I am recommending dismissal under Fed. R. Civ. P. 12(b)(2) & (5), I do not reach defendants' motion pursuant to Fed. R. Civ. P. 12(b)(6).

**Background**

The following are the factual allegations from the complaint which are taken as true for purposes of the instant motion:

Stephen R. Mattatall, a convicted murderer serving a seventy year sentence, alleges that he appeared before the Rhode Island Parole Board ("Board") in January of 2001. At that time, Mattatall alleges that the Board denied his application for parole. Five years later, Mattatall appeared before the Board again, and again the Board denied his application despite his alleged accomplishments while incarcerated. Plaintiff alleges that the Board violated state law, its own written guidelines, and applied invalid criteria when it denied his second application. Consequently, plaintiff alleges that the Board violated the equal protection and due process clauses of the Fourteenth Amendment.

As relief, plaintiff seeks an Order from this Court directing that the Board (1) convene a new hearing on his application, (2) provide guidance on what is required of him, (3) provide specific reasons for the denial of his application, (4) provide a favorable determination on his application,[1] and/or (5) order that he be released into a work-release program.[2]

---

[1] A plaintiff can not seek release or a speedier release from incarceration in a Section 1983 action. See Wilkinson v. Dotson, 544 U.S. 74 (2005).

[2] See Note 1.

Plaintiff, however, has failed to secure proper service on any named defendant. Accordingly, defendants have moved to dismiss pursuant to Fed. R. Civ. P. 12 (b)(2), (5) & (6). Plaintiff has not objected, and has, in fact, admitted that he only supplied defendant Holley with a summons. See Letter to Clerk, Dkt # 9 (July 28, 2007).

**Discussion**

Rule 12(b)(2) of the Federal Rules of Civil Procedure provides for the dismissal of actions where there is a lack of personal jurisdiction. A federal court is without personal jurisdiction over a defendant unless the defendant has been served with process in accordance with Fed. R. Civ. P. 4. Brooks v. Richardson, 478 F. Supp. 793 (S.D.N.Y. 1979).

Rule 12(b)(5) of the Federal Rule of Civil Procedure provides for a dismissal of actions where there is an insufficiency of service of process. Fed. R. Civ. P. 12(b)(5). Rule 12(b)(5) challenges the mode of the delivery of the process, or the lack of delivery of the summons and the complaint. See Crane v. Battelle, 127 F.R.D. 174, 176 (S.D.Cal.1989).

Here, plaintiff only served defendant Holley with a summons. Plaintiff did not serve Holley with a copy of the complaint. Moreover, he has failed to serve any of the other named defendants with a summons and a copy of the complaint. Accordingly, dismissal under Fed. R. Civ. P. 12(b)(2) & (5) is appropriate.

Moreover, Rule 4(m) of the Federal Rules of Civil Procedure provides a time limit for service. When service of the complaint is not done within the time frame prescribed by Rule 4(m), a dismissal under 12(b)(5) is also appropriate. Rule 4(m) provides, in pertinent part:

> **Time Limit for Service.** If service of the summons and the complaint is not made upon the individual defendant within 120 days after the filing of the complaint, the court, upon motion or its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period....

Fed. R. Civ. P. 4(m).

Here, plaintiff filed his complaint on June 25, 2007. Thereafter, he had 120 days, or until about October 23, 2007, to serve the complaint and summons on the defendants. See Fed. R. Civ. P. 4 (m). Plaintiff has not done so. Since the plaintiff failed to timely and adequately serve the defendants in accordance with Fed. R. Civ. P. 4, defendants' motion to dismiss should be granted. I so recommend.

**Conclusion**

Accordingly, for the reasons stated above, I recommend that defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(2) and (5) be granted. Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of Court within ten days of its receipt. Fed.R.Civ.P. 72(b); LR Cv.

72(d). Failure to file timely, specific objections to this report constitutes waiver of both the right to review by the district court and the right to appeal the district court's decision. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

Jacob Hagopian
Senior United States Magistrate Judge
October 26, 2007