UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF RHODE ISLAND

Stephen R. Mattatall

v. C.A. No. 07-234ML

State Of Rhode Island &

Rhode Island Parole Board, et, al.

MOTION FOR SERVICE OF SUMMONS UPON DEFENDANTS

VIA UNITED STATES MARSHALS SERVICE

Now comes the Plaintiff, Stephen R. Mattatall pro se' and respectfully requests this Honorable Court to have service effected upon the dafendants. They are:

1.) Lisa S. Holley, Chairperson of the Rhode Island Parole Board at 40 Howard Avenue, Cranston, Rhode Island, 02920;

2.) Bennett Gallo, Member of the Rhode Island Parole Board at 40 Howard Avenue, Cranston, Rhode Island, 02920;

3.) Fred Reamer Ph.D., member of the Rhode Island Parole Board at 40 Howard Avenue, Cranston, Rhode Island, 02920.

Plaintiff avers that he recruited the aid of his sister on two (2) occasions to serve process on the defendants in accordance with Rule 4 of the Rules of Federal Procedure.

Plaintiff was responsible for his sisters failure to serve process correctly on July 9,2007. The reason, was that no complaint was

served along with the single summons handed to Ms. Lisa S. Holley.

Subsequently, plaintiff once again asked his sister Lori Aptt of 205 Adams Street, Warwick, Rhode Island, 02888 to serve process, only the second time plaintiff sent three (3) copies of the complaint, memorandums and summons for each of the three (3) defendants.

On August 28,2007, Plaintiff sent a letter to the Clerk stating, "The reason for this letter is that, now that I have recieved the stamped summons back from the Clerk's Office, I sent them along with three (3) copies of the complaint, three (3) memorandums and three (3) summons to my sister (Lori Aptt), once again.

She (Lori) was gracious enough to go back to the Office of the Parole Board on August 3,2007, and attempt to serve process. In the meantime, I had sent the waivers of service to the defendants to which I haven't recieved any answers.

Since that time, I've learned that Ms Holley not only refused to be served the second time with all the necessary complaints, memorandums and summons but Ms. Holley 'brow beat' my sister into leavingthe office with said documents still in her hand. Ms. Holley told Lori that she didn't have to accept the documents. Lori didn't want to get Ms. Holley any angrier at her or me so, she got so perplexed that she left. Plaintiff also sent waivers of service to the defendants but recieved no responce.

Plaitiff and Lori Aptt have made diligent efforts (see various letters enclosed), in an attempt to serve defendants who, refused to be served when all the requirements of Rule 4 were met. These were 'good faith' efforts, by persons not trained in the law.

In accordance with Rule 4 of the Federal Rules of Procedure, the defendant's were given 20 days to return the waiver forms. A copy of the complaint, memorandum of law and appendix's, along with a notice of lawsuit and request for waiver of service forms and two (2) copies of the waiver of service of summons each,per Rule 4, the defendants are now responsible for bearing the costs of service.

Plaintiff requests this motion be granted in the interest of justice so his cause may be heard and his rights protected.

October 30, 2007
DATE

Stephen R. Mattatall pro se'

Stephen R. Mattatall pro se'
Identification Number 56259
Medium One Security (AR-18b)
Post Office Box 8274
Cranston, Rhode Island
02920

CERTIFICATION

A true copy of this request was sent to Attorney General's Office, 150 South Main Street, Providence, Rhode Island, 02903 via First Class Mail and also a copy was sent to The Legal Department of the Adult Correctional Institutions, 40 Howard Avenue, Cranston, Rhode Island, 02920, via interdepartmental Mail on the 30TH day of October in the year 2007.

October 30, 2007

DATE

Stephen R. Mattatall pro se

Stephen R. Mattatall pro se'