**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEVEN R. MATTATALL** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **C.A. No. 07-234ML** |
| | : | |
| **STATE OF RHODE ISLAND &** | : | |
| **RHODE ISLAND PAROLE BOARD** | : | |

## MOTION TO DISMISS

Now come Defendants, Rhode Island Parole board and its named members pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby move this Court to dismiss the Complaint against them on the grounds that the Complaint fails to state a claim against the Defendants upon which relief can be granted. In support hereof, Defendants submit the accompanying Memorandum of Law.

**Wherefore**, Defendants respectfully request that their Motion to Dismiss be granted.

DEFENDANTS,
Rhode Island Parole Board
Lisa Holley
Bennett Gallo
Fred Reamer, Ph.D.

By Their Attorney,
PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Stephen R. Mattatall, Pro Se, Identification Number 56259, Medium One Security (AR-15T), Post Office Box 8274, Cranston, Rhode Island 02920 on this 4h day of December, 2007 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| **STEVEN R. MATTATALL** | **:** | |
| **Plaintiff,** | **:** | |
| | **:** | |
| **v.** | **:** | **C.A. No. 07-234ML** |
| | **:** | |
| **STATE OF RHODE ISLAND &** | **:** | |
| **RHODE ISLAND PAROLE BOARD** | **:** | |

**MEMORANDUM IN SUPPORT OF 12(b)(6)**
**MOTION TO DISMISS FOR DEFENDANTS, THE**
**RHODE ISLAND PAROLE BOARD AND ITS NAMED MEMBERS**

## I. Background

Stephen R. Mattatall, a convicted murderer serving a seventy year sentence, alleges that he appeared before the Rhode Island parole Board ("Board") in January of 2001. At that time, Mattatall alleges that the Board denied his application for parole. Five years later, Mattatall appeared before the Board again, and again the Board denied his application despite his alleged accomplishments while incarcerated. Plaintiff alleges that the Board violated state law, its own written guidelines, and applied invalid criteria when it denied his second application. Consequently, plaintiff alleges that the Board violated the equal protection and due process clauses of the Fourteen Amendment. Plaintiff also persists in his claim that he should not have been deemed a habitual offender in spite of the fact that he entered a "Alford" plea for a charge of reckless driving in 1979 and his attempts to weasel out of the consequences of this plea have been rejected again and again by the Courts of Rhode Island. State v. Mattatall, 603 A.2d 1098 (R.I. 1992).

As relief, Plaintiff seeks an Order from this Court directing that the Board (1) convene a new hearing on his application, (2) provide guidance on what is required of

him, (3) provide specific reasons for the denial of his application, (4) provide a favorable determination on his application, and/or (5) order that he be released into a work-release program.

## II. Standard of Review

> Upon considering a motion to dismiss for failure to state a claim under Fed.R.Civ.P. 12(b)(6), the district court should not grant the motion unless it appears to a certainty that the plaintiff would be unable to recover under any set of facts. *Hospital Bldg. Co. v. Trustees of Rex Hosp.*, 425 U.S. 738, 746, 96 S.Ct. 1848, 1853, 48 L.Ed.2d 338 (1976); *Gonzalez-Bernal v. United States*, 907 F.2d 246, 248 (1st Cir. 1990). We review under the same standard, *Holt Civic Club v. City of Tuscaloosa*, 439 U.S. 60, 66, 99 S.Ct. 383, 387-88, 58 L.Ed.2d 292 (1978).

Roma Construction Company v. aRusso, 96 F.3d 566 (1st Cit. 1996).

## III. Argument-The complaint Fails to State a Claim Upon Which Relief Can Be Granted.

### A. Quasi-Judicial Immunity

The Defendants' 12(b)(6) Motion to Dismiss For Failure to State a Claim should be granted because the Defendants, as Parole Board members, are entitled to quasi-judicial immunity from claims that arise from the performance of their duties. The test Court's use in determining whether an official is entitled to quasi-judicial immunity consists of three elements: 1) whether "a Board member, like a judge, perform[s] a traditional "adjudicatory" function in that he decides facts, applies law, and otherwise resolves disputes on the merits (free from direct political influence)" 2) whether "a Board member, like a judge decide[s] cases sufficiently controversial that, in the absence of absolute immunity, he would be subject to numerous damages actions" and 3) whether "a Board member, like a judge, adjudicate[s] disputes against a backdrop of multiple safeguards designed to protect a constitutional right? Bettencourt v. Board of

Registration In Medicine of Comm. of Mass., 904 F.2d 772 (Mass. 1990); Butz v. Economou, 438 U.S. 478 (1977).

In using a three step analysis, courts have held that quasi-judicial immunity exists when "agency officials who, irrespective of their title perform functions essentially similar to those of judges or prosecutors, in a setting similar to that of a court." Bettencourt v. Board of Registration In Medicine of Comm. of Mass., 904 F.2d 772 (Mass. 1990); Butz v. Economou, 438 U.S. 478 (1977). In Bettencourt, the Court barred a physician whose license was revoked from a state medical board claim holding that the medical board members were entitled to quasi-judicial immunity. The Court reasoned that the Board's functions are comparable to that of a judge by "weighing evidence, mak[ing] factual and legal determinations, chooses sanctions, writes opinions explaining his decisions…" Bettencourt v. Board of Registration In Medicine of Comm. of Mass., 904 F.2d 772 (Mass. 1990).

Similarly, in Johnson v. Rhode Island Parole Board, the Court held that Parole Board members were entitled to absolute immunity from damage claims that arose from the performance of the Board's duties. The Court adopted an opinion from the Ninth Circuit in Cleavinger v. Saxner reasoning that "Parole Board officials perform functionally comparable tasks to judges when they decide to grant, deny, or revoke parole…[t]heir duty is often the same: to render impartial decisions in cases and controversies that excite strong feeling because the litigant's liberty is at stake." Johnson v. Rhode Island Parole Board Members, 815 F.2d 5 (R.I. 1987); quoting Cleavinger v. Saxner, 106 S.Ct. 496.

This case, like that of Bettencourt and Johnson, involves board members who were being sued for administrative decisions made during the performance of their duties and as such were entitled to quasi-judicial immunity. The Rhode Island Parole Board clearly performs duties comparable to an adjudicative capacity by weighing evidence in a Plaintiff's record and making a determination based on that record, resolves possible disputes on merits, and adjudicates decisions by weighing the petitioner's rights against the safety of the community in deciding whether to grant to deny parole. Given the fact that the Plaintiff is currently serving a seventy (70) year sentence, (fifty years for second degree murder and twenty (20) additional years for being deemed an habitual offender), it is clear that there is and should be a real concern if the Board were to grant the Plaintiff's parole request. The Parole Board members carefully reviewed the Plaintiff's record in denying his parole request and given the circumstances, the Board was not arbitrary or capricious in denying the plaintiff's parole request. For all these reasons the Parole Board members should be entitled to quasi-judicial immunity from claims that arise from the performance of her duties and the Defendants' 12(b)(6) Motion to Dismiss For Failure to State a Claim should be granted.

**B. Res Judicata**

In the matter now before this Court, Plaintiff persists in seeking to avoid the consequences of his 1979 Alford/nolo contendere plea to a reckless driving charge being used as a basis for sentencing him as a habitual offender during the trial and sentencing attendant to his murder conviction.

Plaintiff first challenged the use of his 1979 Alford plea as a basis for sentencing him as a habitual offender during the trial and sentencing attendant to his murder

conviction. This challenge was rejected by the Trial Court and this rejection was upheld by the Rhode Island Supreme Court in State v. Mattatall, 603 A.2d 1098, at 1118 (R.I. 1992) wherein the court held that:

> When a defendant enters an *Alford* plea, which is accepted by the court, then such plea in a later judicial proceeding constitutes a conviction, irrespective of the fact that the defendant maintains his innocence and does not stand up and confess guilt.

State v. Mattatall, 603 A.2d at 1118.

Following the denial of his appeal, Plaintiff Mattatall filed an application for post-conviction relief. He was represented by counsel but did not challenge the Alford plea in that petition. That Petition was denied. (See Order denying Plaintiff's application for Post Conviction Relief and Entry of Judgment for the State attached hereto as Exhibit A).

Plaintiff then filed another post-conviction application challenging the use of his 1979 Alford plea as a predicate for sentencing him as an habitual offender. That petition was also denied by Justice Krause on October 26, 2005. (See Order Denying Defendants [Plaintiff herein] Application for Post-Conviction Relief attached hereto as Exhibit B).

Plaintiff's appeal of this denial of Post Conviction Relief is presently pending in the Rhode Island Supreme Court No. SU-05-0318 (K1/83-0012; KM 00-0956).

In his Order denying Defendant's application for post-conviction relief, Justice Krause mentioned Mattatall's direct appeal, wherein he challenged the use of his 1979 plea as a predicate crime for his habitual offender sentence, and the fact that the instant action was Mattatall's second petition for post-conviction relief. He cited State v. Burke, 876 A.2d 1109 (R.I. 2005), in support of his decision that res judicata barred relief in this instance.

> In this, his most recent post-conviction relief petition, Mattatall again laments the use of that 1979 conviction as a predicate offense for the imposition of the habitual offender sentence. Principles of *res judicata* bar any such claim at this late juncture. State v. Burke II, 876 A.2d 1109, 1113 (R.I. 2005): "When, as here, the claims are the same, to wit, a challenge to defendant's sentence under the habitual offender statute, claim preclusion 'precludes the relitigation of all the issues that were tried or might have been tried in the original suit,'" quoting Plunkett v. State, 869 A.2d 1185, 1188 (R.I. 2005)(emphasis in original). The defendant's opportunity to challenge the application of the habitual offender statute has, as in Burke II, come and gone. 876 A.2d at 1113.

As had the respondent in Plunkett, Mattatall "has had his day in court" and ***res judicata*** "ensures that Judicial resources are not wasted on multiple and possibly inconsistent resolutions of the same lawsuit." Plunkett v. State, 869 A.2d at 1190 ***quoting*** ElGabri v. Lekas, 681 A.2d 271, 275 (R.I. 1996). ***See also*** DiBattista v. State, 808 A.2d 1081, 1086-86 (R.I. 2002) and Carillo v. Moran, 463 A.2d 178, 182 (R.I. 1983)(res judicata applies to post-conviction relief proceedings and an issue cannot be relitigated merely because a new or different theory can be developed or advanced).

Additionally, this "new" challenge to the plea comes not in his first petition for post-conviction, but a second or consecutive petition. The Rhode Island Supreme Court very recently denied a defendant's attempt to challenge the voluntariness of his plea in a subsequent application for post-conviction relief. State v. Miguel, 924 a.2d 3, 4 (R.I. 2007)("This res judicata bar applies to issues actually raised and decided, as well as those issues which could have been raised."). And as Justice Krause indicated, "This Court can conceive of no grounds nor any compelling interests of justice that entitle Mattatall to another post-conviction entreaty."

Plaintiff's contention that the Parole Board must ignore his Alford plea and consider him innocent of the 1979 conviction has been considered and denied by the Courts of Rhode Island and is now barred by Res Judicata. Miles Un-Ltd., Inc. v. Town of New Shoreham, 602 F. Supp. 238 (D.R.I. 1985).

**C. Plaintiff Cannnot Seek Release or a Speedier Release from Incarceration in a 1983 Action.**

Plaintiff seeks to use a 1983 action to compel the Rhode Island Parole Board to disregard the fact that he has been sentenced as a murderer and habitual offender and consider him innocent of the 1979 reckless driving charge and to believe that he shot his victim in the face point blank killing him by accident.

As relief, Plaintiff seeks an order from this Court directing that the Board (1) convene a new hearing on his application, (2) provide guidance on what is required of him, (3) provide specific reasons for the denial of his application, (4) provide a favorable determination on his application, and/or (5) order that he be released into a work-release program.

Plaintiff's Complaint at pages three and four shows that, although he isn't happy with the results, the Parole Board did in fact consider him for parole and gave him adequate reasons for their vote to deny him parole (See certified copy of Parole Board minutes hereto attached as Exhibit C).

As for his demand that this Court order the Parole Board to grant him parole and/or order him into a work release program, Plaintiff cannot seek release or a speedier release from incarceration in a 1983 action. Wilkinson v. Dotson, 544 U.S. 74 (2005).

**CONCLUSION**

For the foregoing reasons, Plaintiff's Complaint should be denied and dismissed with prejudice.

DEFENDANTS,

Rhode Island Parole Board
Lisa Holley
Bennett Gallo
Fred Reamer, Ph.D.

By Their Attorney,

PATRICK C. LYNCH
ATTORNEY GENERAL

*/s/ Richard B. Woolley*

Richard B. Woolley, #1452
Assistant Attorney General
150 South Main Street
Providence, RI 02903
(401) 274-4400
(fax) 222-2995
rwoolley@riag.ri.gov

**CERTIFICATION**

I hereby certify that I filed the within document through the United States District Court ECF filing system and caused a copy to be sent to Stephen R. Mattatall, Pro Se, Identification Number 56259, Medium One Security (AR-15T), Post Office Box 8274, Cranston, Rhode Island 02920 on this 4th day of December, 2007 by first class mail, postage prepaid.

*/s/ Richard B. Woolley*