STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

KENT, SC. SUPERIOR COURT

SUPERIOR COURT
FILED
HENRY S. KINCH JR., CLERK
2005 OCT 26 P 2: 06

STEPHEN MATTATALL :
:
V. : KM/01-1022
: (K1/83-12, K2/79-128)
:
STATE OF RHODE ISLAND :

ORDER DENYING DEFENDANT'S APPLICATION FOR POST-CONVICTION RELIEF

After Stephen Mattatall was ultimately convicted of second degree murder in 1988, this Court sentenced him to serve fifty years of a sixty-year sentence, suspending ten years thereof, and also imposed a twenty-year consecutive sentence under the habitual offender statute. That conviction has been affirmed. State v. Mattatall, 603 A.2d 1098 (R.I. 1998).

Before this Court, as well as on direct appeal, Mattatall challenged the use of a 1979 conviction based upon an Alford plea, for driving to endanger/death resulting (K2-79-128) as a predicate for his habitual offender sentence. This Court rejected that challenge (Tr. of August 16, 1988, pp. 31-35), as did the Supreme Court. 603 A.2d at 1118.

In this, his most recent post-conviction relief petition, Mattatall again laments the use of that 1979 conviction as a predicate offense for the imposition of the habitual offender sentence. Principles of *res judicata* bar any such claim at this late juncture. State v. Burke II, 876 A.2d 1109, 1113 (R.I. 2005): "When, as here, the claims are the same, to wit, a challenge to defendant's sentence under the habitual offender statute, claim preclusion 'precludes the relitigation of all the issues that were tried or might have been tried in the original suit,'" quoting Plunkett v. State, 869 A.2d 1185,1188 (R.I.

2005) (emphasis in original). The defendant's opportunity to challenge the application of the habitual offender statute has, as in Burke II, come and gone. 876 A.2d at 1113.

Secondly, as noted earlier, this is not Mattatall's first post-conviction relief petition. This Court denied an earlier one more than a year ago, on October 7, 2004. (KM 00-0956). This Court can conceive of no grounds nor any compelling interests of justice that entitle Mattatall to another post-conviction entreaty. See State v. DeCiantis, 813 A.2d 986, 992-93 (R.I. 2003) (defendant barred from filing a subsequent post-conviction relief petition on a ground not included in the initial petition, unless interests of justice invite it).

Moreover, it is worth noting that the offense that Mattatall has targeted was committed some twenty-four years ago. The "venerable defense of laches" may well be an appropriate vehicle that would, in any event, preclude the defendant's latest imprecation. See Raso v. Wall, et al., _____ A.2d ______ (No. 2003-73 C.A., August 23, 2005). Given the other reasons referenced herein to reject the instant application, however, it is not necessary to address the laches issue.

Mattatall's application for post-conviction relief is hereby denied and judgment shall enter for the State.

**ENTER:**

**Robert D. Krause**
**Associate Justice**

**Date:** 10-26-05

**BY ORDER:**

Asst **Clerk**

**c: Alton W. Wiley, Jr., Esquire**
**Alan Goulart, Esquire, A.G. Department**