RECEIVED

MAR 07 2008

Property of U.S. District Court
District of Rhode Island

STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS

STEPHEN R. MATTATALL

V.

Indictment No. K1/83-0012A

STATE OF RHODE ISLAND

AMENDMENT OF POST CONVICTION PETITION

The provisions in Title 10, Chapter 9.1 of the Rhode Island General Law(s), gives wide latitude to sentencing judges especially when its in the 'interest of justice'. See 10-9.1-1(4).

Plaintiff was convicted by jury at a trial which concluded on June 17,1988. Plaintiff was found guilty of second degree murder and deemed an habitual offender under RIGL 12-19-21. Due to the murder charge being his third felony conviction he was given an additional twenty (20) years to serve. The charge which was utilized as the second predicate was a 1979 charge of 'driving to endanger, death resulting.' Incidently, the 1979 charge is in the Rhode Island Supreme Court awaiting oral argument as to the 'factual basis' for the plea.

Plaintiff was found guilty of driving to endanger, death resulting charge. Justice Albert DiRobbio however, upon consideration of plaintiff's motion for a new trial, vacated the jury's verdict because, in his view plaintiff had not committed the crime. In fact, the judge concluded that the evidence indicated that James Mattatall, plainiiff's cousin, was driving when the fatal accident occurred. T.T. 1-7.

Also, one Richard Marrell testified that plaintiff was not driving the car. Id.at 4. Judge DiRobbio further noted that James Mattatall

met with Attorney Anthony Grilli and admitted to Grilli that he was the driver. Id.

Judge DiRobbio stated he 'reluctantly' accepted a nolo plea under ALFORD ... solely so there can be a disposition because plaintiff had served a year, just about, on being held on a parole violation due to this horrendous accident.

Plaintiff was then sentenced to serve one year retroactive to the date of his initial incarceration, on the driving to endanger charge. Also Judge DiRobbio said, "The Parole Board should be notified that the plea was taken under the ALFORD against North Carolina. The Parole Board should further be notified that we took it based upon the granting of a motion for a new trial, and based upon all the circumstances surrounding this case, so that when he comes up for parole, they can take all of these factors into consideration, without it being detrimental to him at that time.

The sentence was completed. The revocation was recinded, forthwith.

Judge DiRobbio was "impressed with the testimony of the defendant," and expressed his belief that Mr. Mattatall's prior criminal record "was a motivating factor to this jury to convict him." Id. at 5-6.

Although this issue which is now being raised for the first time, wasn't raised at trial, plaintiff contends that it was the fault of both his trial attorney and subsequently the responsibility of his appellate attorney. This leaves plaintiff in a unique position.

THE PROVISIONS OF 12-19-21 DO NOT PERTAIN TO THIS CASE.

The plaintiff contends that the provisions of section (a) of the HABITUAL-OFFENDER STATUTE (12-19-21)(RIGL) are statutorily misinterpreted due to a subsequent discrepancy in the language, relative to prior convictions and sentences used for the purpose of determining whether the plaintiff was a habitual criminal offender.

RIGL 12-19-21 entitled "HABITUAL CRIMINAL" clearly reads as follows: (a) If any person who has been previously convicted in this or any other state of two (2) or more felony offences arising from separate and distinct incidents and sentenced on two (2) or more occasions to serve a term in prison is, after the convictions and sentences, convicted in this state of any offence punished by imprisonment for more than one year, that person shall be deemed a "habitual criminal." Upon conviction, the person deemed a habitual criminal shall be punished by imprisonment in the adult correctional institutions for a term not exceeding twenty-five (25) years, in addition to any sentence imposed for the offence of which he or she was last convicted.

The discrepancy in the language referred to by the plaintiff reads: "any offence punishable by imprisonment for more than one year", most particularly, the words, "more than" has raised the greatest concern and basis for legal argument.

The words "more than" are both ordinarily and legally interpreted to mean "a greater or important accuracy in quantity/ as a substantial difference of greater importance."

The plaintiff contends that a conviction used by this court for the purpose of deeming him an habitual criminal pursuant to the pro-

visions of 12-19-21 (a), was constitutionally illegal because the sentence rendered for that conviction was only (1) one year.

Plaintiff contends that the one year sentence in question, fell legally short of the provisions used in RIGL 12-19-21(a) which clearly state in part: ...."any person previously convicted in this state or any other state of two or more felony offences arising from separate and distinct incidents and sentenced to two or more occasions to serve a term in prison, who is, after the convictions and sentences, convicted in this State of any offence punishable by imprisonment for "more than" one year."

The sentence in question, that was used to deem the plaintiff an Habitual Criminal Offender was only one year, not "more than one year" as clearly pronounced in the provisions of 12-19-21(a). Assuming arguendo, had the legislature meant to also include one year sentences, it solely be assumed the statute would have read: "one or more years", as they clearly intended when specifically outlining other sections of those provisions. Such as: "two or more" felony offences;" ...& on "two or more occasions."

The legislature clearly and distinctly mandated that a person, "who is, after the convictions and sentences, convicted in this state of any offence punishable by imprisonment for "more than one year" would be determined as an Habitual Offender. Not one year, but "more than" one year. based on the above, Plaintiff moves for this Honorable Court to vacate the conviction and sentence pursuant to 12-19-21 (a).

Plaintiff believes that its this additional sentence given him under 12-19-21 was an underlying reason to deny him a fair and equal hearing to be considered a viable candidate for parole.

Plaintiff wishes this amendment be considered a Motion For'Stay', until such time as a subsequent denial without reasons or reasonable intervals are once again implemented by the parole board.

Respectfully Submitted,

Stephen R. Mattatall

Stephen R. Mattatall #56259
Medium One Security (AR-16b)
Post Office Box 8274
Cranston, Rhode Island
02920