UNITED STATE DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

STEPHEN R. MATTATALL

v.                                                                                                       C.A. No. 07-234 ML

STATE OF RHODE ISLAND ET AL.

REPORT AND RECOMMENDATION

Jacob Hagopian, Senior United States Magistrate Judge

*Pro se* plaintiff, Stephen R. Mattatall, an inmate confined at the Adult Correctional Institutions in Cranston, Rhode Island, filed an action pursuant to 42 U.S.C. §1983 alleging violations to his Constitutional rights. Plaintiff names as defendants: the State of Rhode Island; the Rhode Island Parole Board (the "Parole Board"); and Lisa S. Holley, Chairwoman of the Parole Board; Bennett R. Gallow, member of the Parole Board; and Frederic G. Reamer, member of the Parole Board (together, the "Parole Board Members").

Presently before the Court is defendants' motions to dismiss pursuant to Rules 12(b)(6) of the Federal Rules of Civil Procedure (the "Federal Rules") (Docket # 19). Plaintiff has filed an objection thereto (Docket # 21). This matter has been referred to me pursuant to 28 U.S.C. §636(b)(1)(B) for a report and recommendation. As discussed below, I recommend the motion to dismiss be granted and plaintiff's claims be dismissed with prejudice.

BACKGROUND

The factual allegations, taken as true from the Complaint for the purposes of the instant motion, are as follows. Plaintiff was arrested in September 1982 and found guilty of second degree murder in September 1988. He was sentenced to seventy years in prison (fifty years for murder and twenty additional years for being deemed a habitual offender).

Plaintiff first appeared before the Parole Board in January 2002,[1] at which time his application for parole was denied. Parole was again denied when plaintiff appeared before the Parole Board for a second time five years later in January 2007.

Plaintiff filed this action in June 2007, alleging that the Parole Board Members violated the equal protection and due process clauses of the Fourteenth Amendment to the United States Constitution by denying his second application for parole. He claims that the Parole Board Members (i) treated him unfairly compared to similarly situated inmates; (ii) failed to consider the parole criteria set forth in the Parole Board guidelines and R.I. Gen. Laws §13-8-14 and §13-8-14.1; and (iii) failed to state specific reasons for denying his application.

Additionally, plaintiff complains that the Parole Board Members improperly considered his status as a habitual offender in denying his parole application. He explains that he was deemed a habitual offender based, in part, on his 1979 *nolo contendere* plea to a reckless driving charge (the "1979 Plea"). He alleges that the trial judge in the 1979 case overturned the jury's guilty verdict against plaintiff because the judge was persuaded by the evidence that plaintiff had not been driving the vehicle. Plaintiff claims that the trial judge should not have accepted plaintiff's 1979 Plea and concludes that it was invalid to use the 1979 Plea as a basis to deem him a habitual offender. Plaintiff alleges that therefore the Parole Board Members' consideration of his status as a habitual offender was improper.

As relief for the alleged wrongful conduct, plaintiff seeks "damages and injunctive relief." Complaint, at p. 1. Although he does not expand on the damages request, as injunctive relief he seeks this Court to Order the Parole Board to: (i) grant him parole immediately, (ii)

---

[1] Although plaintiff states in the body of the Complaint that his first parole hearing was in January 2001, the minutes from the parole board hearing which he attaches as Appendix I to his Complaint show that the hearing occurred in January 2002.

convene a new hearing on his application, (iii) provide guidance on what is required of him to obtain parole, and/or (iv) reclassify him into a work-release program.

## DISCUSSION

### I. Rule 12(b)(6) Standard

Rule 12(b)(6) of the Federal Rules provides for the dismissal of an action which fails to state a claim upon which relief can be granted. In ruling on a Rule 12(b)(6) motion, the Court must accept all well-pleaded allegations in the complaint as true and construe these facts in the light most favorable to the pleader, although the Court need not credit bald assertions or unverifiable conclusions. *Ashcroft v. Iqbal,* -- U.S. --, 129 S.Ct. 1937, 1949-1950 (2009). Further, the Court must review pleadings of a *pro se* plaintiff liberally. *See Estelle v. Gamble,* 429 U.S. 97, 106, 97 S.Ct. 285 (1976). To state a claim for relief, a pleading must contain factual allegations that "raise [plaintiff's] right to relief above the speculative level" and "'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555, 127 S.Ct. 1955 (2007) (quoting *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99 (1957)); *see also Iqbal,* 129 S.Ct. at 1949-1951 (discussing the plausibility requirement); Fed.R.Civ.P. 8(a)(2).

In order to maintain a §1983 action, the conduct complained of must have been (i) committed by a "person" acting under color of state law and (ii) deprived the plaintiff of a constitutional or federal statutory right. *Gomez v. Toledo,* 446 U.S. 635, 640, 100 S.Ct. 1920 (1980). As discussed below, I find that plaintiff's instant claims for relief under §1983 fail because (1) plaintiff cannot use §1983 to seek release from incarceration and (2) defendants are not amenable to suit in this action.

II.     **Plaintiff Barred From Seeking Release or Challenging Duration of Incarceration**

As noted in my previous Report and Recommendation in this action (Docket # 13), plaintiff cannot seek release or a speedier release from incarceration in a §1983 action. *Wilkinson v. Dotson*, 544 U.S. 74, 82, 125 S.Ct. 1242 (2005). A state prisoner's sole remedy to challenge the very fact or duration of his physical imprisonment lies in a writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827 (1973). Accordingly, to the extent plaintiff seeks an injunction ordering the Parole Board to grant his parole application or order that he be released into a work-release program, plaintiff's claims are barred, and I recommend defendants' motion to dismiss regarding such claims be GRANTED.

Additionally, money damages are not available under §1983 for a claim challenging the fact or duration of a sentence unless the plaintiff shows that the sentence has been invalidated. *Heck v. Humphrey*, 512 U.S. 477, 487, 114 S.Ct. 2364 (1994); *White v. Gittens*, 121 F.3d 803, 806 (1st Cir. 1997)(dismissing §1983 damages claim for parole revocation). Accordingly, as plaintiff has not shown that the denial of his parole has been invalidated, to the extent that plaintiff seeks money damages for the denial of his parole application, plaintiff's claims are barred. I recommend defendants' motion to dismiss regarding such claims be GRANTED.

III.    **State Defendants Not "Persons" under §1983**

   A.   **State of Rhode Island and Parole Board Not "Persons" under §1983**

It is well established that neither states nor state agencies are considered "persons" against whom a §1983 action may be maintained. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S.Ct. 2304 (1989). Therefore, the State of Rhode Island and the Parole Board, an agency of the state, are not "persons" for purposes of §1983. I recommend that the motion to dismiss by the State of Rhode Island and the Parole Board be GRANTED.

B. **Parole Board Members in their Official Capacities Not Amenable to §1983 Suit for Damages**

A suit for money damages under §1983 against state officials in their official capacity is equivalent to a suit against the state. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018 (1978). In such a suit, the real party in interest is the state for which the officials are agents, and the state treasury would be responsible for paying any damages awarded. *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099 (1985). Consequently, as a state is not a "person" amenable to suit for money damages, neither are state officials acting in their official capacities. *Will*, 491 U.S. at 71 (1989). Therefore, to the extent the Parole Board Members are sued in their official capacities for money damages, I recommend that the motion to dismiss such claims be GRANTED.

IV. **Parole Board Members Protected by Quasi-Judicial Immunity**

A. **Quasi-Judicial Immunity Shields Parole Board Members in their Individual Capacities from §1983 Action for Damages**

To the extent plaintiff sues the Parole Board Members in their individual capacities for money damages, quasi-judicial immunity shields them from such claims. Judicial immunity protects judges from liability for their judicial acts to allow them to act freely upon their own convictions. *Bradley v. Fisher*, 80 U.S. 335, 347-351 (1872). Quasi-judicial immunity similarly protects persons performing tasks functionally equivalent to judges to allow them to perform their duties properly. *See, e.g., Butz v. Economou*, 438 U.S. 478, 511-517, 98 S.Ct. 2894 (1978). The First Circuit determined that "parole board officials perform functionally comparable tasks to judges," and "'render impartial decisions in cases and controversies that excite strong feelings because the litigant's liberty is at stake.'" *Johnson v. R. I. Parole Bd. Members*, 815 F.2d. 5, 6 (1st Cir. 1987)(citation omitted). Thus, the First Circuit declared that "[p]arole board members

are entitled to absolute immunity from liability for damages in a §1983 action for actions taken within the proper scope of their official duties." *Id.* at 8.

Further, although judicial immunity does not apply if the challenged act (i) is administrative or otherwise nonjudicial in nature, *Forrester v. White*, 484 U.S. 219, 229, 108 S.Ct. 538 (1988), or (ii) was taken in the "clear absence of all jurisdiction," *Stump v. Sparkman*, 435 U.S. 349, 356-357, 98 S.Ct. 1099 (1978), neither exception exists here. In this case plaintiff's complaints regarding the Parole Board Members, including their alleged (i) failure to consider properly the parole factors enumerated in state law and Parole Board guidelines, (ii) improper consideration of plaintiff as a habitual criminal, and (iii) their failure to state specific reasons for denying plaintiff's parole application, clearly involve actions in their adjudicatory capacity and were not taken in the clear absence of all jurisdiction. As the Parole Board Members were acting within the proper scope of their official duties when they denied plaintiff's parole application, absolute immunity applies to bar damages claims against them under §1983. I recommend that the motion to dismiss such claims be GRANTED.

### B. §1983 Bars Actions for Injunctive Relief Against Parole Board Members as Judicial Officers

Although the law is not as clear with respect to §1983 actions for injunctive relief as it is with respect to §1983 actions for damages, both the weight of authority and analysis of the law indicate that §1983 includes language shielding the Parole Board Members from plaintiff's claims for injunctive relief here. The Federal Courts Improvement Act (the "FCIA"), adopted in 1996, amended §1983 to bar injunctive relief "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. §1983; *see* Section 309 of the FCIA of

1996, Pub.L.No. 104-317, Title III, §309(c), Oct. 19, 1996, 110 Stat. 3847, 3853. As previously discussed by this Court in *Pelletier v. Rhode Island*, No. 07-186, 2008 WL 5062162 (D.R.I. Nov. 26, 2008), this language in the FCIA prohibiting injunctive relief against "judicial officers" applies to quasi-judicial actors, such as parole board members, performing tasks functionally equivalent to judges. *See also, e.g., Roth v. King*, 449 F.3d 1272, 1286-87 (D.C.Cir. 2006); *Montero v. Travis*, 171 F.3d 757, 761 (2nd Cir. 1999); *Von Staich v. Schwarzenegger*, No. 04-2167, 2006 WL 2715276 (E.D.Cal. 2006); *contra Simmons v. Fabian*, 743 N.W.2d 281 (Minn.App. 2007). *Pelletier* has been cited with approval by several courts. *See, e.g., Wise v. United States*, No. 6:09-01376, 2009 WL 3052608, at *4 (D.S.C. Sept. 23, 2009)(clerk and deputy clerks of court, as quasi-judicial actors, immune from action for injunctive relief); *Gilmore v. Bostic*, -- F.Supp.2d --, 2009 WL 890681, at *6 (S.D.W.Va. Mar 27, 2009)(parole board members immune from action for injunctive relief).

As discussed above with respect to plaintiff's claims for damages against the Parole Board Members, plaintiff's allegations that the Parole Board Members violated his constitutional rights by ignoring parole factors enumerated in state law, considering him to be an habitual criminal, and not adequately stating their reasons for denying his parole application impugn acts or omission made by the Parole Board Members in their adjudicatory capacity. Thus, as plaintiff did not claim that a declaratory decree was violated or declaratory relief was unavailable, plaintiff's claims against the Parole Board Members fit squarely within the FCIA prohibition on granting injunctive relief against judicial officers for actions in their judicial capacity. 42 U.S.C. §1983. Accordingly, I recommend that the motion to dismiss plaintiff's claims against the Parole Board Members for injunctive relief be GRANTED.

## CONCLUSION

As discussed above, I have found that (i) plaintiff's claims seeking a Court Order directing the Parole Board to grant his parole application or release him into a work-release program as well as his claims seeking money damages related to the denial of his parole are barred under §1983; (ii) the State and the Parole Board are not "persons" amenable to suit under §1983; (iii) the Parole Board Members in their official capacities are not "persons" who can be sued under §1983 for damages; (iv) the Parole Board Members in their individual capacities have absolute immunity from suit for damages under §1983 with respect to the actions about which plaintiff complains; and (v) the FCIA bars plaintiff's claims against the Parole Board Members for injunctive relief. I thus recommend that defendants' motion to dismiss plaintiff's §1983 claims for failure to state a claim for which relief may be granted pursuant to Federal Rule 12(b)(6) be GRANTED and the action be DISMISSED with prejudice in its entirety.

Any objection to this Report and Recommendation must be specific and filed with the Clerk of Court within ten days of its receipt. Fed R. Civ. P. 72(b); LR Cv 72(d). Failure to file timely, specific objections to this report constitutes a waiver of both the right to review by the district court and the right to appeal the district court's decision. *United States v. Valencia-Copete*, 792 F.2d 4 (1st Cir. 1986) (per curiam); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603 (1st Cir. 1980).

_____
Jacob Hagopian
Senior United States Magistrate Judge
October 6, 2009